*458 OPINION of the Court, by
Judge Boyle.
— In an action of covenant, the appellee declared that the appellants, by their deed, bearing date the 28th of August, 1806, covenanted to pay and deliver to the appellee two hundred and forty gallons of whiskey, at Charles Helm’s still-house, on the 15th of February next ensuing the date of said deed ; the appellee to furnish the barrels to put the whiskey in. The declaration avers that the ap-pellee had done and performed every thing which, on his part, he was bound by said covenant to do and per *459 form, and alleges a breach of the covenant in the non payment of the whiskey at the time and place stipulated.
Covenant to a ¿ay certain, the obligee.to ¡tba"f_s pTea^hát ¿bli-gee did not fur - ™^,¿arríls’dnd ¿and ™ day, an in ⅛⅛.
The appellants, for plea, say “ that the appellee hath not performed his part of said covenant in this, to wit, in not furnishing said barrels, mentioned in said writing obligatory, and did not demand said whiskey at the still-house of said Charles Helm, on the 15th day of February mentioned in said covenant,” and concluded with a verification. . _
_ To this the appellee replied, “ that before the time the whiskey became due, the appellant Helm agreed to furnish the barrels ; and at the day, the said Helm not having either the whiskey or barrels ready, he gave the appellants reasonable notice, and tendered the barrels,, and demanded the whiskey at the said still-house, on the 20th of April, 1807, which the appellants refused to. pay ; and this he is ready to verify,” &c.
The appellants demurred to this replication, and for causes of demurrer alleged, 1st. that it was a departure from the plea ; 2d. that it introduces á parol agreement in contravention of the deed declared on ; 3d. that it wants form, &c. The court below overruled the demurrer, and gave judgment for the appellee ; from which the appellants have prosecuted this appeal.
Various errors are assigned, but they all resolve themselves into the question, whether, on this state of the pleadings, judgment ought to have been rendered for the appellee.
If our enquiries were limited to the replication, and we were bound to decide upon its sufficiency alone, we could have but little doubt in determining this question in favor of the appellants. But the demurrer having . . ,, , ,. , r i / v J brought all the pleadings before the court (a), as every demurrer to any part of the pleadiags always does, if upon the whole case the appellee was entitled to recover, the judgment must be sustained. The declaration having stated a sufficient cause of action in an apt and proper form, the appellee could be precluded from a recovery only by a sufficient and legal defence properly pleaded. The plea of the appellants attempts to excuse them from a performance of their covenant, upon the grounds, 1st. that the appellee had not furnished the barrels to contain the whiskey ; and 2dly. that he had not *460 demanded the whiskey at the still-house on the ISth o£ February.
But these grounds, whether taken singly or together, are who!!'' insufficient to preclude the appellee from maintaining his action. The appellants should have averred that they had the whiskey ready at the still-house on the day of payment, a id that the appellee did not furnish the barrels to contain it, or attend to receive it. Nothing short of this could excuse them from a. performance of their covenant. Unless the whiskey-was ready, the furnishing the barrels to contain it, would have been idle and vain and unnecessary. The barrels not being furnished, could no: be an excuse for their not doing, on. their part, whatever they could do towards the performance of their covenant. That they could not completely perform, their covenant without the concurrent agency of the appellee is ti ue, b.ut it is equally true, that they could have approximated a performance beyond what they have averred in their plea.
As to the second ground, a demand can be necessary to be made in those cases only where the action is to accrue upon a demand. In no other case can a demand be necessary to be made in fact, or requisite to be alleged or proven by the plaintiff in order to maintain his action. In the present case, the time of payment was fixed ; and if payment (or tender) was not made on the day (a). the action accrued without a demande
Judgment affirmed.

 Mitchell vs. Gregory, ante 449.

 Mitchell vs. Gregory, ante 649.